[Cite as *Gordon v. Bur. of Motor Vehicles*, 2011-Ohio-5577.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONNIE GORDON,

    Plaintiff,

    v.

BUREAU OF MOTOR VEHICLES,

    Defendant.

Case No. 2011-05785-AD

Acting Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶ 1}  On April 11, 2011, plaintiff filed a complaint and on April 14, 2011, plaintiff filed a corrected complaint alleging that his vehicle was impounded as a result of erroneous information contained in defendant's, Bureau of Motor Vehicles ("BMV"), data base.  Specifically, plaintiff stated, "that I was impounded by the BMV– because they didn't apply my make & model to the policy.  When they mailed the random letter to me I reported to the BMV Jan-5 that I had insurance.  I was told that it was [logged into] the computer.  Then when I got home I called York Insurance to tell them what happen.  She said OK I have the same info make-model-vin number so your good to go in Jan.  So I had insurance the whole time before the random letter and after.  So I was impounded unjust they took my ID and gave me a ticket.  Long walk home."

{¶ 2}  Accordingly, plaintiff asserts his vehicle would not have been impounded had the information at BMV been accurate.  Therefore, plaintiff filed this complaint seeking to recover $143.00, for impound and towing fees.  Plaintiff submitted the filing fee with the corrected complaint.

{¶ 3}  Defendant stated that plaintiff's "license has been suspended twice in the last year for failure to provide proof of financial responsibility.  The first violation was a

random selection noncompliance added by the BMV on December 18, 2010." Defendant noted that the "second was a non compliance suspension added on April 22, 2011, by the Franklin County Municipal Court." Defendant then asserted it was "unable to determine which records to reference" and that therefore, BMV was unable to determine fault in this case. Inasmuch as plaintiff's complaint was filed prior to April 22, 2011, the trier of facts finds that plaintiff's complaint is in reference to the December 2010 suspension.

{¶ 4} Ohio Adm. Code 4501:1-2-08 governs the random selection suspension procedure, and states, in relevant part:

{¶ 5} "(A) The registrar of motor vehicles shall send a written notice by regular mail to the owner of each vehicle randomly selected in accordance with rule 4501:1-2-07 of the Administrative Code. The notice shall identify the vehicle selected and shall inform the owner that the owner is required to submit proof showing financial responsibility coverage was in effect with respect to the selected vehicle on the date specified by the registrar. The notice shall inform the owner of the methods and procedures for submitting proof of financial responsibility coverage and shall specify that the proof of financial responsibility shall be submitted within twenty-one days of the mailing of the notice. The notice may also contain such other information as the registrar may prescribe.

{¶ 6} "* * *

{¶ 7} "(C) If the owner of a vehicle randomly selected pursuant to rule 4501:1-2-07 of the Administrative Code, within twenty-one days of the mailing of the notice, fails to respond to the notice, fails to give acceptable evidence that the vehicle is exempt, or fails to give acceptable proof of financial responsibility, the registrar shall order the suspension of the license of the person required under division (A)(2)(a) of section 4509.101 of the Revised Code and the impoundment of the person's certificate of registration and license plates required under division (A)(2)(b) of section 4509.101 of the Revised Code, effective no less than fifty-six days after the date of the mailing of notice of suspension. The notice of suspension also shall notify the person that the person must present the registrar with proof of financial responsibility, submit evidence acceptable to the registrar showing that the vehicle is exempt, or surrender to the registrar the person's certificate of registration, license plates, and license. The notice of

suspension shall be in writing and shall be sent to the person at the person's last known address as shown on the records of the bureau of motor vehicles. The person, within twenty-one days after the date of the mailing of the notice of suspension, shall present proof of financial responsibility, or submit evidence showing that the vehicle is exempt, together with any other information the person considers appropriate.

{¶ 8} "(D) If the registrar does not receive proof or the person does not give acceptable evidence that the vehicle is exempt in accordance with this rule, within twenty-one days, the registrar shall send a second notice of suspension to the person by certified mail return receipt requested. If the first notice of suspension is returned as not deliverable, the registrar shall make reasonable efforts to determine if the owner's address has changed before sending the second notice of suspension. The second notice of suspension shall contain the most recent address for the person as determined by the registrar, the same or similar information, and the same suspension date as the original notice of suspension unless the registrar determines that a different suspension date is necessary to give the person adequate notice. The second notice of suspension shall give the person an additional period of no less than fourteen days in which to present the registrar with proof of financial responsibility, or submit evidence acceptable to the registrar showing that the vehicle is exempt, together with any other information the person considers appropriate.

{¶ 9} "(E) If the registrar does not receive acceptable proof and the person does not give acceptable evidence that the vehicle is exempt in accordance with this rule, the person shall surrender the certificate of registration, license plates, and license to the registrar no later than the date of suspension and the registrar shall permit the order of the suspension of the license of the person and the impoundment of the person's certificate of registration and license plates to take effect.

{¶ 10} "(F) In the case of a person who presents, within the periods specified in this rule, documents to show proof of financial responsibility, the registrar shall terminate the order of suspension and the impoundment of the registration and license plates required under division (A)(2)(b) of section 4509.101 of the Revised Code and shall send written notification to the person, at the person's last known address as shown on the records of the bureau."

{¶ 11} Resulting monetary damages are recoverable *when plaintiff proves, by a*

*preponderance of the evidence,* defendant erroneously records driver's license information. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. In the instant action, plaintiff has failed to provide any evidence other than his own assertions to establish that defendant erroneously recorded his driver's license status. Plaintiff failed to provide a copy of the notice he received from BMV, a copy of his response received by BMV, a copy of his insurance policy or declarations page, a statement from his insurance agent, or any other documentation in support of his claim. Indeed, plaintiff failed to provide a receipt verifying the cost of towing and storage fees he incurred. Defendant submitted a copy of plaintiff's official driver record which indicates that plaintiff's driver's license was suspended from January 11, 2011, through at least April 6, 2011, apparently for his "noncompliance" as a result of random selection. Thus, sufficient evidence has been provided to suggest defendant's records were accurate under the circumstances when plaintiff's cause of action accrued. *Elliott v. Bureau of Motor Vehicles* (2001), 2001-02104-AD, jud.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONNIE GORDON,                                    Case No. 2011-05785-AD

    Plaintiff,

    v.                                              Acting Clerk Daniel R. Borchert

BUREAU OF MOTOR VEHICLES,

    Defendant.


### ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Acting Clerk


Entry cc:


Ronnie Gordon                                    Anne P. Vitale
362 S. Ogden                                      Associate Legal Counsel
Columbus, Ohio  43204                        Dept of Public Safety-Legal Services
                                                          1970 West Broad Street
                                                          P.O. Box 182081
                                                          Columbus, Ohio  43218-2081

6/17
Filed 7/19/11
Sent to S.C. reporter 10/27/11